■ In the Matter of the Claim of THEODORE MUNSON, Respondent, v. McKAIG & HATCH et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, J. Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed March 8, 1968, which awarded benefits to the claimant for loss of hearing. The claimant left

the employer on December 2, 1966 and on December 16, 1966 he filed a claim for occupational loss of hearing. At the first hearing the attorney for the carrier noted that there might be a request for apportionment since the claimant had prior exposure to noise. The claimant stated that: " They [McKaig & Hatch] did give an examination when I went to work there." However, he was not told if he then had any hearing loss. The Referee then adjourned the matter for six months. At the next hearing the attorney for the carrier made no further mention of any prior exposure and/or hearing loss and the Referee after appropriate findings closed the case. Thereafter, the carrier requested review of the Referee's decision upon the ground that " [T]his employer should not be held responsible for claimant's loss of hearing since this loss predated his employment." The relief requested was a reversal of the Referee's decision and that the record be further developed as to losses attributable to prior employment. Upon oral argument before the board panel, the carrier's counsel said they were not seeking reimbursement from prior employers, but were trying to escape liability on the ground that there was no loss attributable to the exposure at McKaig & Hatch. Upon the present record, it was entirely within the discretion of the board as to whether or not the matter should be reopened for further proof on the question of causal connection between the employment and the loss of hearing. The appeal to the board did not controvert any of the findings of the Referee and the appeal to this court raises no question as to the correctness of the award upon the present record. Whether or not the carrier and employer could have resisted liability by showing a pre-existing loss of hearing, no attempt was made to introduce evidence within its exclusive possession on that issue at trial hearings. We do not consider the unsupported statements in the appellants' brief as to what the pre-placement examination showed. Assuming that the board did err as a matter of law in finding that notice to the prior employer of the pre-existing loss was necessary in this case, this court cannot order further hearings to develop the record on behalf of the employer and carrier since it does not appear that the appellants have any clear right to such relief. In the absence of evidence showing a pre-existing loss, the question of law as to notice is not before this court, nor do we consider the date of disablement as found by the board or other issues not argued on this appeal. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Herlihy, J.